PATRICE N. HARPER, ESQ. (SBN 240354)
BENJAMIN LAW GROUP, P.C.
1290 B Street, Suite 301
Hayward, CA 94541
Telephone: (510) 897-9966
Facsimile: (510) 439-2632
Email:patrice@benjaminlawgroup.com

Attorneys for Plaintiff
KENNETH HAAG

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**KENNETH HAAG**, an individual,

Plaintiff,

vs.

**INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 10**; and **DOES 1-10** inclusive

Defendants.

**CASE NO.**:_________________

**COMPLAINT FOR:**

1. **RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
2. **DISABILITY DISCRIMINATION IN VIOLATION OF AMERICAN WITH DISABLITIES ACT OF 1990**
3. **RETALIATION IN VIOLATION OFTITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

**JURY TRIAL DEMANDED**

Plaintiff KENNETH HAAG (herein "**Plaintiff**" or "**Mr. Haag**") complains and pleads as follows:

///

///

## GENERAL ALLEGATIONS

1. This is an employment discrimination action for damages by Plaintiff against INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 10 (herein "**Defendant**" or "**ILWU**") where Plaintiff is a member, for a pattern of tortious conduct, involving multiple violations of Title VII of the Civil Rights Act of 1964 and American with Disabilities Act of 1990 (**"ADA**"), *et seq*., including discrimination on the basis of race and disability; and retaliation. Plaintiff seeks damages for mental and emotional distress, lost wages, and attorney's fees.

## JURSIDICTION, VENUE & INTRADISTRICT ASSIGNMENT

2. **Jurisdiction**. This Court has original jurisdiction of Plaintiff's discrimination claim under Title VII of the Civil Rights Act of 1964 and American with Disabilities Act of 1990 pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). This Court has jurisdiction of Plaintiff's retaliation claim under Title VII of the Civil Rights Act of 1964 pursuant to U.S.C. §§ 1331.

3. **Venue**. Venue is proper in this District pursuant to 28. U.S.C. § 1391(c) and 42 U.S.C. § 2000-5(f)(3). Defendant is subject to personal jurisdiction in this District in that it maintains facilities and operations in this District, employs or employed Plaintiff in this District, and committed the discriminatory acts alleged herein within this District.

4. **Intradistrict Assignment**. Venue is proper in the San Francisco Division of this Court pursuant to Local Rules 3-2(c) and 3-2(e) because a substantial part of the events that give rise to the claims asserted in this Complaint occurred in San Francisco County. In particular, Defendant employed Plaintiff and/or was a member of Defendant ILWU in San Francisco County, California, and there, committed acts of discrimination and retaliation, as alleged in this Complaint.

5. On or around August 20, 2019, and within the time provided by law, Plaintiff filed verified charges with the Equal Employment Opportunity Commission ("**EEOC**") against Defendants.

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

6. Plaintiff has complied with the administrative exhaustion requirements, as he had previously filed a complaint against Defendants before the EEOC, for which the latter has issued a Right to Sue letter dated September 1, 2020.

7. Said Right to Sue letter gave Plaintiff ninety (90) days from the date of receipt of the EEOC Right to Sue letter to bring a civil action before the proper federal court.

8. Therefore, this action is timely filed.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff have been a member of Defendant ILWU since February 2011.

10. His current position is Mechanic.

11. On or about April 2019, Plaintiff was medically released to return to work with restrictions, from an extended medical leave.

12. Prior to his medical leave, Plaintiff was on track to be promoted into A Status.

13. However, Defendant explained that since Plaintiff was short of a month of being promoted into A Status, that the promotion would be reconsidered upon Plaintiff's return from medical leave.

14. Contrary to the Defendant's explanation, however, Defendant never processed Plaintiff's promotion even long after his return to work.

15. In fact, as of today, Defendant has denied and continue to refuse Plaintiff's long overdue promotion into A Status.

16. Instead, Defendant has asked for more requirements from Plaintiff; for example, Defendant required more stamps.

17. As a consequence of Plaintiff's being unreasonably denied his promotion into A Status, Plaintiff have been unable to obtain work. As a matter of fact, the last time that Plaintiff was able to have an assignment was in May 2019.

18. Plaintiff observes that Defendant favors African Americans, as he personally knows of a similarly situated individual who was properly reinstated and promoted to A Status, after being on leave.

19. Plaintiff believes he have been discriminated against in violation of the Americans with Disabilities Act of 1990, as amended. Plaintiff also believes that he has been discriminated against based on his race (White) in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff further believes that he has been retaliated against for engaging in a protected activity.

## FIRST CAUSE OF ACTION

### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e-2[a])

20. Plaintiff re-alleges and incorporates herein by reference paragraphs 9 through 19, inclusive of this Complaint as though fully set forth herein.

21. Federal laws, e.*g*., provisions of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e-2 [a]) expressly considers unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's based on race, color, religion, sex, or national origin.

22. By doing the things described above, there is *prima facie* basis to hold Defendant liable for discrimination, which is prohibited under Title VII of the Civil Rights Act of 1964.

23. Plaintiff who was discriminated due to his race (white), and as a result of the discrimination, was denied promotion or denied any employment benefit.

24. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out-of-pocket expenses in an amount according to proof at trial.

25. Plaintiff filed timely complaints with the EEOC and DFEH and duly received his Right to Sue notice. Plaintiff has filed this action within ninety (90) days of receiving his Right to Sue notice from the EEOC.

## SECOND CAUSE OF ACTION

### Disability Discrimination in Violation of American with Disabilities Act of 1990 (42 U.S.C. § 12101, *et seq.*)

26. Plaintiff re-alleges and incorporates herein by reference paragraphs 9 through25, inclusive, of this Complaint as though fully set forth herein. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. (42 U.S.C. § 12112)

27. Plaintiff was previously put on medical leave because of his brain injury. Therefore, he was deemed an individual with disability and legally protected under the provisions of the ADA.

28. As shown in the foregoing allegations, however, Defendant deprived Plaintiff of the opportunity for promotion due to his disability in clear violation of the law.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out-of-pocket expenses in an amount according to proof at trial.

30. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits and/or other prospective damages in an amount according to proof at trial.

31. Plaintiff filed timely complaints with the EEOC and DFEH and duly received his Right to Sue notice. Plaintiff has filed this action within ninety (90) days of receiving his Right to Sue notice from the EEOC.

## THIRD CAUSE OF ACTION

**Retaliation in Violation of Title VII of the**

**Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e-3[a])**

32. Plaintiff re-alleges and incorporates herein by reference paragraphs 9 through 31, inclusive, of this Complaint as though fully set forth herein.

33. Based on the above alleged conduct, Defendant retaliated against Plaintiff for complaining about the discrimination he was experiencing from Defendant, all in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e-3(a)

34. In retaliation for Plaintiff's complaints, has denied and continue to refuse Plaintiff's long overdue promotion into A Status.

35. There was causal connection between Plaintiff's complaint and the materially adverse action taken by Defendant, *i.e*., continued denial of his promotion into A Status.

36. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits and/or out-of-pocket expenses in an amount according to proof at trial.

37. As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits and/or other prospective damages in an amount according to proof at trial.

38. Plaintiff filed timely complaints with the EEOC and DFEH and duly received his Right to Sue notice. Plaintiff has filed this action within ninety (90) days of receiving his Right to Sue notice from the EEOC.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against each Defendants as follows:

1. For general damages according to proof, on each cause of action for which such damages are available;

2. For compensatory damages, according to proof on each cause of action for which such damages are available;

3. For special damages, according to proof on each cause of action for which such damages are available;

4. For reasonable attorneys' fees, according to proof on each cause of action for which such damages are available;

6. For prejudgment and post-judgment interest, according to proof on each cause of action for which such damages are available;

7. For equitable relief to the extent available under law;

8. For such other and further relief as the Court deems proper and just.

DATED: November 30, 2020

BENJAMIN LAW GROUP, P.C.

By: ______________________
PATRICE HARPER, ESQ.
Attorneys for Plaintiff
KENNETH HAAG

**DEMAND FOR JURY TRIAL**

Plaintiff KENNETH HAAG hereby requests a Jury Trial on the claims so triable.

DATED: November 30, 2020

BENJAMIN LAW GROUP, P.C.

By: ______________________________
PATRICE HARPER, ESQ.
Attorneys for Plaintiff
KENNETH HAAG